MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

SANDRA G PALACIOS LOPEZ, DULCE               **COMPLAINT**
KAREN PALACIOS MARTINEZ, JENY
CATALINA ARCOS PEREZ, and HAIDA
SARMIENTO *individually and on behalf of*        **COLLECTIVE ACTION UNDER**
*others similarly situated,*                          **29 U.S.C. § 216(b)**

                       *Plaintiff*,                        **ECF Case**

         -against-

COATZINGO ENTERPRISES, INC. (D/B/A
CALIFORNIA BAR AND TAQUERIA
COATZINGO), RUFINO ZAPATA,

                 *Defendants.*
-------------------------------------------------------X

       Plaintiffs Sandra G Palacios Lopez ("Plaintiff Palacios" or "Ms. Palacios"), Dulce Karen

Palacios Martinez ("Plaintiff Martinez" or "Ms. Martinez"), Jeny Catalina Arcos Perez ("Plaintiff

Arcos" or "Ms. Arcos") and Haida Sarmineto ("Plaintiff Sarmiento" or "Ms. Sarmiento") ,

individually and on behalf of others similarly situated, by and through their attorneys, Michael

Faillace & Associates, P.C., upon their knowledge and belief, and as against Coatzingo

Enterprises, Inc. (d/b/a California Bar and Taqueria Coatzingo), ("Defendant Corporation") and,

Rufino Zapata ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## <u>NATURE OF ACTION</u>

       1.      Plaintiffs are former employees of Defendants Coatzingo Enterprises, Inc. (d/b/a

California Bar and Taqueria Coatzingo) and Rufino Zapata.

2.    Defendants own, operate, or control a Mexican restaurant, located at 79-18 Roosevelt Ave Jackson Heights, New York 11372 under the name "California Bar and Taqueria Coatzingo".

3.    Upon information and belief, individual Defendant Rufino Zapata, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiffs were employed as waitresses at the restaurant located at 79-18 Roosevelt Avenue Jackson Heights, New York 11372.

5.    Plaintiffs were ostensibly employed as waitresses. However, they were required to spend a considerable part of their work day performing non-tipped duties, including, but not limited to, cutting up fruits, bringing up items from the basement, cleaning bathrooms, refilling bowls with chips and sauce, and answering phone call orders for food delivery, (hereafter the "non-tipped duties").

6.    At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and/or overtime compensation for the hours that they worked.

7.    Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for all hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day on which such Plaintiff worked over 10 hours.

9.      Defendants employed and accounted for Plaintiffs as waitresses in their payroll, but in actuality Plaintiffs were required to spend, and did spend, a significant amount of time performing non-tipped duties, as alleged above.

10.     At all relevant times, Defendants paid Plaintiffs at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as waitresses instead of as non-tipped employees. This allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and enabled them to pay them at the tip-credit rate (which they still failed to do).

13.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

18.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate Mexican restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

19.     Plaintiff Sandra G Palacios Lopez ("Plaintiff Palacios" or "Ms. Palacios") is an adult individual residing in Queens County, New York.

20.     Plaintiff Palacios was employed by Defendants at California Bar and Taqueria Coatzingo from approximately May 2015 until on or about October 31, 2019.

21.     Plaintiff Dulce Karen Palacios Martinez ("Plaintiff Martinez" or "Ms. Martinez") is an adult individual residing in Queens County, New York.

22.     Plaintiff Martinez was employed by Defendants at California Bar and Taqueria Coatzingo from approximately September 2015 until on or about December 7, 2019.

23.     Plaintiff Jeny Catalina Arcos Perez ("Plaintiff Arcos" or "Ms. Arcos") is an adult individual residing in Queens County, New York.

24.     Plaintiff Arcos was employed by Defendants at California Bar and Taqueria Coatzingo from approximately September 2015 until on or about December 7, 2019.

25.     Plaintiff Haida Sarmiento ("Plaintiff Sarmiento" or "Ms. Sarmiento") is an adult individual residing in Queens County, New York.

26.     Plaintiff Sarmiento was employed by Defendants at California Bar and Taqueria Coatzingo from approximately March 2017 until about January 2019 and then from approximately April 2019 until the present.

27.     Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims, based upon the allegations herein, as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

28.     At all relevant times, Defendants owned, operated, or controlled a Mexican restaurant ("the restaurant"), located at 79-18 Roosevelt Avenue Jackson Heights, New York 11372 under the name "California Bar and Taqueria Coatzingo".

29.     Upon information and belief, Coatzingo Enterprises, Inc. (d/b/a California Bar and Taqueria Coatzingo) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 79-18 Roosevelt Avenue Jackson Heights, New York 11372.

30.     Upon information and belief, Defendant Rufino Zapata is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rufino Zapata is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Rufino Zapata possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Palacios, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

31.     Defendants operate a Mexican restaurant located in the Jackson Heights section of Queens in New York City.

32.     Individual Defendant, Rufino Zapata, possesses, and possessed at all relevant times, operational control over Defendant Corporation, possesses, and possessed at all relevant times, ownership interests in Defendant Corporation, and controls, and controlled at all relevant times, significant functions of Defendant Corporation.

33.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

34.     Each Defendant possessed substantial control over Plaintiff Palacios's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Palacios, and all similarly situated individuals, referred to herein.

35.     Defendants jointly employed Plaintiff Palacios (and all similarly situated employees) and are Plaintiff Palacios's (and all similarly situated employees') employers within the meaning of 29 U.S.C. §§ 201 *et seq*. and the NYLL.

36.     In the alternative, Defendants constitute a single employer of Plaintiff Palacios and/or similarly situated individuals.

37.     Upon information and belief, Individual Defendant Rufino Zapata operates Defendant Corporation as either an alter ego of  himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from  himself, by among other things:

a)   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)   defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)   transferring assets and debts freely as between all Defendants,

d)   operating Defendant Corporation for  his own benefit as the sole or majority shareholder,

e)   operating Defendant Corporation for  his own benefit and maintaining control over this corporation as a closed Corporation,

f)   intermingling assets and debts of  his own with Defendant Corporation,

g)   diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect  his own interests, and

h)   Other actions evincing a failure to adhere to the corporate form.

38.     At all relevant times, Defendants were Plaintiff Palacios's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Palacios, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Palacios's services.

39.     In each year from 2015 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

40.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

41.     Plaintiffs are former employees of Defendants who ostensibly were employed as a waitresses. However, they spent over 20% of each shift performing the non-tipped duties described above.

42.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Sandra G Palacios Lopez*

43.     Plaintiff Palacios was employed by Defendants from approximately May 2015 until on or about October 31, 2019.

44.     Defendants ostensibly employed Plaintiff Palacios as a waitress.

45.     However, Plaintiff Palacios was also required to spend a significant portion of her work day performing the non-tipped duties described above.

46.     Although Plaintiff Palacios ostensibly was employed as a waitress, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

47.     Plaintiff Palacios regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

48.     Plaintiff Palacios's work duties required neither discretion nor independent judgment.

49.     Throughout her employment with Defendants, Plaintiff Palacios regularly worked in excess of 40 hours per week.

50.     From approximately May 2015 until on or about December 2015, Plaintiff Palacios worked from approximately 10:00 am until about 8:30pm five days per week, and from approximately 8:00 a.m. until about 7:30 p.m. one day per week, for a total of six days a week and about 64 hours per week.

51.     From approximately January 2016 until on or about December 2016, Plaintiff Palacios worked from approximately 10:00 a.m. until about 7:30 p.m. four days a week, and from approximately 8:00 a.m. until about 7:30 pm one day per week, for a total of five days per week and about 49.5 hours per week.

52.     From approximately January 2017 until about January 2019, Plaintiff Palacios worked from approximately 9:00 a.m. until about 7:00 p.m. four days per week and from approximately 8:00 a.m. until about 7:00 p.m., one day a week, for a total of five days per week and about 51 hours per week.

53.     From approximately February 2019 until about October 2019, Plaintiff Palacios worked from approximately 2:00 p.m. until about 9:00 p.m. on Thursdays and from approximately

8:00 a.m. until about 7:00 p.m. on Sundays for a total of two days a week and about 18 hours per week.

54.     From approximately May 2015 until about May 2016, Defendants paid Plaintiff Palacios her wages in cash.

55.     From approximately May 2016 until about October 31, 2019, Defendants paid Plaintiff Palacios her wages by check.

56.     From approximately May 2015 until about December 2015, Defendants paid Plaintiff Palacios $40.00 per workday.

57.     From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Palacios $50 per workday.

58.     From approximately January 2017 until on or about December 2018, Defendants paid Plaintiff Palacios $200.48 per week.

59.     From approximately January 2019 until on or about October 31, 2019, Defendants paid Plaintiff Palacios $98.00 per week.

60.     Plaintiff Palacios's pay did not vary to account for the number of hours actually worked in a day or week.

61.     For example, from 2015 to 2018, Defendants required Plaintiff Palacios to work an additional one or two hours past her scheduled departure time and did not pay her for the additional time she worked.

62.     Defendants never granted Plaintiff Palacios any breaks or meal periods of any kind.

63.     Plaintiff Palacios was never notified by Defendants that her tips were being included as an offset for wages.

64.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Palacios's wages.

65.     Aside from three months in 2015, Plaintiff Palacios was not required to keep track of her time, nor, to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

66.     On a number of occasions, Defendants required Plaintiff Palacios to sign a document, the contents of which she was not allowed to review in detail.

67.     Defendants took improper and illegal deductions from Plaintiff Palacios's wages; specifically, Defendants deducted money due to mistakes in food orders.

68.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Palacios regarding overtime and wages under the FLSA and NYLL.

69.     Defendants did not provide Plaintiff Palacios an accurate statement of wages, as required by NYLL 195(3).

70.     Defendants did not give any notice to Plaintiff Palacios, in English and in Spanish (Plaintiff Palacios's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

71.     Defendants required Plaintiff Palacios to purchase "tools of the trade" with her own funds—including pants and shirts.

*Plaintiff Dulce Karen Palacios Martinez*

72.     Plaintiff Martinez was employed by Defendants from approximately September 2015 until on or about December 7, 2019.

73.     Defendants ostensibly employed Plaintiff Martinez as a waitress.

74.     However, Plaintiff Martinez was also required to spend a significant portion of her work day performing the non-tipped duties described above.

75.     Although Plaintiff Martinez ostensibly was employed as a waitress, she spent over 20% of each day performing non-tipped work throughout the time of her employment with Defendants.

76.     Plaintiff Martinez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

77.     Plaintiff Martinez's work duties required neither discretion nor independent judgment.

78.     From approximately September 2015 until about June 2018, Plaintiff Martinez worked from approximately 8:00 a.m. until about 7:30pm to 8:00 p.m. on Saturdays and Sundays (typically 23 to 24 hours per week).

79.     From approximately July 2018 until about December 7, 2019, Plaintiff Martinez worked from approximately 8:00 a.m. until about 7:30 p.m. to 8:00 p.m. on Saturdays, (typically 11.5 to 12.5 hours per week).

80.     During 2016 and 2017, for months of June, July, and August, Plaintiff Martinez worked from approximately 10:00 a.m. until about 8:00 p.m. on Mondays, Wednesdays, and Fridays (typically 30 hours) to cover for missing workers.

81.     From approximately September 2015 until about December 7, 2019, Defendants paid Plaintiff Palacios her wages in cash.

82.     From approximately September 2015 until about December 2017, Defendants paid Plaintiff Martinez $40.00 per work day.

83.     From approximately January 2018 until about December 7, 2019, Defendants paid Plaintiff Martinez $55.00 per work day.

84.     Plaintiff Martinez's pay did not vary to account for the number of hours actually worked.

85.     For example, Defendants required Plaintiff Martinez to work one hour past her scheduled departure time and did not pay her for the additional time that she worked.

86.     Defendants never granted Plaintiff Martinez any breaks or meal periods of any kind.

87.     Plaintiff Martinez was never notified by Defendants that her tips were being included as an offset for wages.

88.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Martinez's wages.

89.     Plaintiff Martinez was not required to keep track of her time, nor, to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

90.     Defendants took improper and illegal deductions from Plaintiff Martinez's wages; specifically, Defendants deducted money due to mistakes in food orders.

91.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Martinez regarding overtime and wages under the FLSA and NYLL.

92.     Defendants did not provide Plaintiff Martinez an accurate statement of wages, as required by NYLL 195(3).

93.     Defendants did not give any notice to Plaintiff Martinez, in English and in Spanish (Plaintiff Martinez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

94.     Defendants required Plaintiff Martinez to purchase "tools of the trade" with her own funds—including uniform pants, shoes, and a sweater.

*Plaintiff Jeny Catalina Arcos Perez*

95.     Plaintiff Arcos was employed by Defendants from approximately July 22, 2015 until about October 30, 2015 and from approximately February 2016 until about January 5, 2020.

96.     Defendants ostensibly employed Plaintiff Arcos as a waitress.

97.     However, Plaintiff Arcos was also required to spend a significant portion of her work day performing the non-tipped duties described above.

98.     Although Plaintiff Arcos ostensibly was employed as a waitress, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

99.     Plaintiff Arcos regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

100.    Plaintiff Arcos's work duties required neither discretion nor independent judgment.

101.    From approximately July 22, 2015 until on or about October 30, 2015, Plaintiff Arcos worked from approximately 10:00 a.m. until about 7:00 p.m. to 7:30 p.m. on Wednesdays, Thursdays, Saturdays, and Sundays, and from approximately 8:00 a.m. until about 7:00 p.m. to 7:30 p.m. on Tuesdays (about 47 to 49.5 hours per week).

102.    From approximately January 2016 until about April 1, 2016, Plaintiff Arcos worked from approximately 10:00 a.m. until about 8:00 p.m. to 8:30 p.m., on Wednesdays, and from approximately 12:00 p.m. until about 10:00 p.m. to 10:30 p.m. on Sundays (20 to 22 hours per week).

103.    From approximately April 2, 2016 until about June 2017, Plaintiff Arcos worked from approximately 10:00 a.m. until about 8:00 p.m. to 8:30 p.m. on Wednesdays, from approximately 10:00 a.m. until about 7:00 p.m. to 7:30 p.m. on Thursdays, from approximately

12:00 p.m. until about 11:00 p.m. on Saturdays, from approximately 12:00 p.m. until about 10:00

p.m. on Sundays, and from approximately 8:00 a.m. until on or about 7:00 p.m. on Tuesdays (about

51 to 52  hours per week).

104.    From approximately July 2017 until about December 9, 2019, Plaintiff Arcos worked

from about 10:00 a.m. until on or about 8:00 p.m. to 8:30 p.m., on Wednesdays, from about 10:00

a.m. until on or about 7:00 p.m. to 7:30 p.m., Saturdays and Sundays, and from about 8:00 a.m. until

on or about 7:00 p.m., on Tuesdays (about 51 to 52 hours per week).

105.    From approximately December 10. 2019 until about December 27, 2019, Plaintiff

Arcos worked from about 12:00 p.m. until about 8:00 p.m. to 8:30 p.m., on Wednesdays, and from

approximately 10:00 a.m. until about 7:00 p.m. to 7:30 p.m. on  Saturdays and Sundays (typically

26 to 27.5 hours per week).

106.    From approximately December 28. 2019 until about January 5, 2020, Plaintiff Arcos

worked from approximately 10:00 a.m. until about 7:00 p.m. to 7:30 p.m. on Saturdays and Sundays

(about 18 to 19  hours per week)

107.     From  approximately July 22, 2015 until about January 5, 2020, Defendants paid

Plaintiff Arcos her wages in cash.

108.    From  approximately July 22, 2015 until about February 2016, Defendants paid

Plaintiff Arcos $40.00 per day.

109.    From approximately February 2016 until about January 5, 2020, Defendants paid

Plaintiff Arcos $50.00 per day.

110.    From approximately July 22, 2015 until on or about January 5, 2020, Defendants paid

Plaintiff Arcos $55.00 every Tuesday in lieu of the amounts specified in the preceding two

paragraphs

111.    Plaintiff Arcos's pay did not vary to account for the number of hours actually worked.

112.    For example, Defendants required Plaintiff Arcos to work 30 minutes past her scheduled departure time and did not pay her for the additional time that she worked.

113.    Defendants never granted Plaintiff Arcos any breaks or meal periods of any kind.

114.    Plaintiff Arcos was never notified by Defendants that her tips were being included as an offset for wages.

115.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Arcos's wages.

116.    Subsequent to her the first month working for Defendants, Plaintiff Arcos was not required by Defendants to keep track of her time, nor, to her knowledge, did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected her actual hours worked.

117.    Defendants took improper and illegal deductions from Plaintiff Arcos's wages; specifically, Defendants deducted money due to mistakes in food orders.

118.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Arcos regarding overtime and wages under the FLSA and NYLL.

119.    Defendants did not provide Plaintiff Arcos an accurate statement of wages, as required by NYLL §195 (3).

120.    Defendants did not give any notice to Plaintiff Arcos, in English and in Spanish (Plaintiff Arcos's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

121.    Defendants required Plaintiff Arcos to purchase "tools of the trade" with her own funds—including uniform pants, shoes, aprons, shirts and hats.

*Plaintiff Haida Sarmiento*

122.    Plaintiff Sarmiento was employed by Defendants from approximately March 2017 until present.

123.    Defendants ostensibly employed Plaintiff Sarmiento as a waitress.

124.    However, Plaintiff Sarmiento was also required to spend a significant portion of her work day performing the non-tipped duties described above.

125.    Although Plaintiff Sarmiento ostensibly was employed as a waitress, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

126.    Plaintiff Sarmiento regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

127.    Plaintiff Sarmiento's work duties required neither discretion nor independent judgment.

128.    From approximately March 2017 until about February 2019, Plaintiff Sarmiento worked from about 10:00 a.m. until about 7:00 pm on Sundays, Tuesdays, Wednesdays, and Thursdays (about 36 hours per week).

129.    From approximately April 2019 until present, Plaintiff Sarmiento worked from approximately 8:30 a.m. until about 7:00 p.m. on Mondays, and from approximately 10:00 a.m. until about 7:00 p.m. on Tuesdays, Wednesdays, and Sundays (about 37.5 hours per week).

130.    From approximately March 2017 until about December 2018, Defendants paid Plaintiff Sarmiento her wages in check.

131.    From approximately March 2017 until present, Defendants paid Plaintiff Sarmiento a fixed salary of $200.00 per week.

132.    Plaintiff Sarmiento's pay did not vary to account for the number of hours actually

worked.

133.    For example, Defendants required Plaintiff Sarmiento to work an hour and a half before her scheduled start time and did not pay her for the additional time she worked.

134.    Defendants never granted Plaintiff Sarmiento any breaks or meal periods of any kind.

135.    Plaintiff Sarmiento was never notified by Defendants that her tips were being included as an offset for wages.

136.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Sarmiento's wages.

137.    Plaintiff Sarmiento was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

138.    Defendants took improper and illegal deductions from Plaintiff Sarmiento's wages; specifically, Defendants deducted money due to mistakes in food orders.

139.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sarmiento regarding overtime and wages under the FLSA and NYLL.

140.    Defendants did not provide Plaintiff Sarmiento an accurate statement of wages, as required by NYLL 195(3).

141.    Defendants did not give any notice to Plaintiff Sarmiento, in English and in Spanish (Plaintiff Arcos's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

142.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring,  Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week

without paying her appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws, except for with the exception of Plaintiff Sarmiento, whom Defendants did not require to work in excess of 40 hours per week but did, consistent with their common policy and practice, violate the aforementioned minimum wage and spread-of-hours laws.

143.     Plaintiffs were victims of Defendants' common policy and practices which violated their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

144.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

145.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

146.     Defendants required Plaintiffs and all other waitresses to perform general non-tipped tasks in addition to their primary duties as waitresses.

147.     Plaintiffs and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

148.     Plaintiffs' duties were not incidental to their occupation as tipped workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

149.     Plaintiffs and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

150.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

151.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

152.    In violation of federal and state law as codified above, Defendants classified Plaintiffs and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

153.    Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

154.    Defendants failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage.

155.    Defendants failed to maintain a record of tips earned by Plaintiffs who worked as waitresses for the tips they received. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

156.    Aside from three months in 2015, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and

complete timesheets and payroll records.

157.    On a number of occasions, Defendants required Plaintiff Palacios to sign a document the contents of which she was not allowed to review in detail.

158.    Defendants initially paid Plaintiff Palacios her wages and began paying her wages by check only after her first year of employment.

159.    Defendants paid the remaining Plaintiffs all of their wages in cash.

160.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

161.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

162.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

163.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

164.    Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

165.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

166.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

167.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep employment records as required under the FLSA.

168.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

169.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

170.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

171.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

172.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

173.     Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

174.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

175.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

176.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

177.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (with the exception of Plaintiffs Martinez and Sarmiento) and the FLSA Class members overtime

compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

178.   Defendants' failure to pay such Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

179.   Such Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

180.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

181.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for her employment.

182.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

183.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

184.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK LABOR LAW

185.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

186.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs (with the exception of Plaintiffs Martinez and Sarmiento)  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

187.     Defendants' failure to pay such Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

188.     Such Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

189.      Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

190.     Defendants failed to pay each Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day that such Plaintiff's spread of hours exceeded ten hours, in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

191.     Defendants' failure to pay the respective Plaintiffs an additional hour's pay for each day that Plaintiffs' respective spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

192.     Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE NOTICE

### REQUIREMENTS OF THE NEW YORK LABOR LAW

193.      Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

194.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiff Palacios's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

195.    Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

196.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

197.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

198.    Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

199.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

200.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

201.     Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

202.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

203.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

204.     Defendants made unlawful deductions from Plaintiffs' wages; specifically, Money was deducted due to mistakes in orders.

205.     The deductions made from Plaintiff Palacios's wages were not authorized or required by law.

206.     Through their knowing and intentional efforts to take unauthorized deductions from Plaintiffs' wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

207.     Plaintiffs were damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs Palacios and Arcos and as to the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime

compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs Palacios and Arcos;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the wage notice and wage statement requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiffs damages for Defendants' violations of the NYLL wage notice and wage statement provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

September 22. 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                      Facsimile: (212) 317-1620
Faillace@employmentcomplieance.com

June 29, 2020

BY ELECTRONIC SIGNATURE


TO:      Clerk of Court,


I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**


Name / Nombre:                    Sandra Palacios Lopez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:                _Sandra Palacios_

Date / Fecha:                     29 de junio 2020


*Certified as a minority-owned business in the State New York*    1

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

June 29, 2020

BY ELECTRONIC SIGNATURE

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jeny Catalina Arcos Perez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     29 de junio 2020

*Certified as a minority-owned business in the State New York*      1

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                             Telephone: (212) 317-1200
New York, New York 10165                                          Facsimile: (212) 317-1620
Faillace@employmentcomplieance.com

June 29, 2020

BY ELECTRONIC SIGNATURE

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Haida Sarmiento

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:                      :

Date / Fecha:                           29 de junio 2020

*Certified as a minority-owned business in the State New York*                    1

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                        Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

January 14, 2020

BY HAND

TO:      Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Dulce Karen Palacios Martinez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:                Dulce Martinez.

Date / Fecha:                     14 de enero 2020

*Certified as a minority-owned business in the State of New York*